SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

NOV 12 2009

J. T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOYLE DAHL | ) | PLAINTIFF |
| | ) | |
| VERSUS | ) | Civil Action No.: 1:09cv765LG-RHW |
| | ) | |
| CITY OF WAVELAND, MISSISSIPPI; | ) | |
| WAVELAND POLICE DEPARTMENT | ) | |
| AND JEFFERY Guilliot | ) | |
| IN HIS INDIVIDUAL | ) | |
| AND OFFICIAL CAPACITIES | ) | DEFENDANTS |

## COMPLAINT

**COMES NOW**, Plaintiff, Doyle Dahl, by and through his attorney of record, La Quetta M. Golden, and files this Complaint seeking money damages against Defendants, City of Waveland, Mississippi, Waveland Police Department and Jeffery Guilliot, and would show unto this Honorable Court the following, to-wit:

### I.

### JURISDICTION

1. This court has jurisdiction pursuant to 42 U.S.C. §1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and state law claims of false, arrest, false imprisonment and emotional distress.

### II.

### PARTIES

2. The Plaintiff is an adult resident citizen of the State of Mississippi residing in the city of Bay St. Louis, Mississippi.

3. The Defendant, City of Waveland, Mississippi, is a political subdivision organized under the laws of the State of Mississippi, and upon whom process may be served by serving its Mayor, John Thomas Longo at 407 Highway 90, Waveland, Mississippi 39576.

4. The Defendant Jeffery Guilliott is an adult resident citizen of the Southern District of Mississippi, who at all times pertinent to this lawsuit was employed as a police officer acting under the direction and control of Defendant City and was acting pursuant to either official policy or the custom, practice and usage in the course and scope of his employment. This Defendant is sued in both his official and individual capacity. Defendant Guillot may be served with process at 407 Highway 90, Waveland, Mississippi 39576.

### III.

### FACTS

5. Your Plaintiff asserts that on or about March 31, 2008, he was traveling in his vehicle on Highway 90 located in Waveland, Mississippi when he was stopped by Defendant Guilliott.

6. The Defendant charged your Plaintiff with driving under the influence. However, your Plaintiff asserts that he has slurred speech due to an unfortunate accident and attempted to convey this information to the officer when he was arrested and taken into custody.

7. Your Plaintiff asserts that his passenger, Tammy Holland, was present during the traffic stop and she, too, was arrested and taken into police custody.

8. Your Plaintiff maintains that while he and Ms. Holland were in police custody, Defendant Guilliott became quite hostile, grabbed your Plaintiff in his crotch and tased him repeatedly. In all, Defendant Guilliott tased your Plaintiff at least nine times. One of the tasers hit your Plaintiff directly on his forehead near his eye causing serious laceration. The laceration was so severe until someone contacted an ambulance to have your Plaintiff transported to the hospital for medical treatment.

9. While Defendant Guilliot [handwritten: Lwa] tased your Plaintiff, he specifically said, "I am going to tase you until you wet in your pants."

10. The excessive use of force was witnessed by Ms. Holland while she awaited to be processed through the police department.

11. As a result of the use of excessive force, your Plaintiff suffered injury to his face, shoulder and to his body as a whole. He also suffered severe laceration to his face causing him to receive medical treatment and several stitches to said laceration that was caused by the taser.

12. Your Plaintiff asserts that Ms. Holland's court case was dismissed and his court case was "passed to the file."

13. Your Plaintiff asserts that Defendant Guilliot [handwritten: Lwa] violated his federal civil rights.

## IV.

## CAUSES OF ACTION

### COUNT I

### Fourth and Fourteenth Amendment

By this reference, you Plaintiff incorporates each and every allegation and averment contained in all preceding paragraphs of this Complaint as though fully set forth herein.

14. Defendant Guilliot [handwritten: Lwa], acting under color of law, committed substantive due process violations shocking to the conscience and far outside the bounds of the law in the unlawful detention, unlawful search and seizure of his vehicle without his permission and without a court warrant.

15. The Defendant, City of Waveland, Mississippi, through its mayor, looked into the conduct of the officers and ratified their actions, thus making them the custom or practice of the Defendant City.

The Defendant failed to take any affirmative actions against the Defendant Officers thus ratifying their conduct.

16. Your Plaintiff was damaged by the constitutional and federal statutory violations as aforesaid mentioned, and your Plaintiff is entitled to just compensation for violation of constitutional rights, economic loss, pain and suffering, and emotional distress. Your Plaintiff has further suffered embarrassment and humiliation at the hand of the Defendant Officer.

## COUNT II

Your Plaintiff incorporates herein the preceding allegations of this Complaint.

17. The Defendant City of Waveland, Mississippi acts are responsible for the policies, practices and customs of the Defendant City of Waveland Police Department. The acts and edicts of these policy-making officials represent also the policies, practices and customs of City of Waveland, Mississippi.

18. Defendant City of Waveland, Mississippi has a duty and responsibility to properly hire, train, supervise, discipline and control all members of the Police Department.

19. Defendant City has a duty and responsibility to properly hire, train, supervise, discipline and control all members of the Police Department.

20. As a result of the practices of the City of Waveland Police Department, citizens and more specifically the Plaintiff has been subjected to unlawful punishment and suffering.

21. By this reference, Plaintiff incorporates each and every allegation and averment set forth in all the previous paragraphs of this Complaint as though fully set forth herein.

22. Your Plaintiff alleges the above described conduct of the Defendants has caused him to suffer emotional distress. The Defendant Officer's conduct was extreme and outrageous, undertaken for the purpose of causing Plaintiff to suffer severe emotional distress. Alternatively, the Defendant Officer's conduct was undertaken with reckless disregard for the probability that it would cause Plaintiff to suffer severe emotional distress. This Defendant knew or should have known that his actions would have such a result or were substantially certain to have such a result.

23. As a direct and proximate result of Defendants' conduct, your Plaintiff has sustained and will continue to sustain damages for which the Defendants are liable.

24. Your Plaintiff has further sustained and will continue to sustain damages in the form of severe emotional distress, mental anguish, worry, severe grief, fright, shame, humiliation, degradation, embarrassment, physical and mental injuries for which Defendants are liable.

## COUNT III

### FALSE ARREST, FALSE IMPRISONMENT

Your Plaintiff incorporates herein the preceding allegations of this Complaint.

### PENDENT STATE CLAIMS

A. **FALSE ARREST/FALSE IMPRISONMENT**

Your Plaintiff incorporates herein the preceding allegations of this Complaint.

25. The intentional and malicious acts of the Defendant Officer to detain your Plaintiff without probable cause and by the false assertion of legal authority and legal basis, caused your Plaintiff to be unlawfully confined, thereby depriving him of free movement against his will.

26. As a direct result of the unlawful, intentional and malicious acts of the Defendant Officer, your Plaintiff sustained non-economic damages for the conscious pain, suffering, humiliation, inconvenience, and embarrassment that he was forced to endure.

27. Your Plaintiff further asserts that he was falsely arrested when the Defendant Officer handcuffed and took him into custody without probable cause causing him great shame and humiliation.

## V.

## **DAMAGES**

**WHEREFORE, PREMISES CONSIDERED**, you Plaintiff prays that the Defendants are summoned to appear and answer, for judgment against the Defendants for actual, compensatory and punitive damages in excess of Three Million Dollars ($3,000,000.00), plus cost of this action, attorneys' fees and such other relief as the Court deems fair and appropriate under the circumstances.

Your Plaintiff prays for any other relief as applied, either general or specific.

Respectfully submitted on this the 10th day of November, 2009.

Doyle Dahl
Plaintiff

O/B/O Doyle Dahl

La Quetta M. Golden
Attorney for Plaintiff

PRESENTED BY:

LAW OFFICE OF
LA QUETTA M. GOLDEN
12311 Ashley Dr., Ste. D.
Gulfport, MS 39503
MS BAR NO.: 8580
GoldensLaw@Bellsouth.net
(228) 832.9111
(228) 832.9008 (fax)

6.

# GENERAL AFFIDAVIT

STATE OF MISSISSIPPI

COUNTY OF HARRISON

I, Doyle Dahl, do hereby certify that I am the Plaintiff in the above referenced lawsuit. I further affirm that the foregoing facts and statements contained in the complaint are true and correct to the best of my ability. I attest to the foregoing in the presence of a notary on this the 10th day of November, 2009.

_____
Doyle Dahl - Affiant

(SEAL)

_____
Notary - State of Mississippi

My Commission Expires:_____

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 91197
DELECIA MARIE BUTLER
Commission Expires
Sept. 30, 2012
HARRISON COUNTY

7.

## PLAINTIFF'S PRETRIAL DISCLOSURES

A. WITNESSES:

1. Mr. Doyle Dahl  (May be contacted through his attorney).  This witness is expected to testify to the events as stated in the complaint.

2. Mr. John Longo  (407 Highway 90, Waveland, Mississippi)  This adverse witness is expected to testify about the police department policies and procedures and disciplinary actions of Jeffrey Gilliard.

3. Jeffrey Guilliot (407 Highway 90, Waveland, Mississippi) These adverse witness is expected to testify about his involvement in the incident complained of in this complaint and other inmate abuse, his training and use of force policies.

4. Tammy Holland (408 Ballentine, Bay St. Louis, Mississippi - 228.467.2595) This witness is expected to testify that she saw the inmate abuse caused by Jeffrey Gilliard.

B. **LIST OF EVIDENCE:**

1. Defendant's policy on excessive use of force

2. Plaintiff's employment and income verification

3. Medical records & reports

4. Waveland Police Reports

5. Affidavits from eye witnesses

6. Defendants' police records

7. City of Waveland's policy on stop, search, detainment and arrest

8. Plaintiff's loss income

9. Documentation on other inmate abuse

C. **DAMAGE COMPUTATION**

    ACTUAL DAMAGE
    (Loss wages, medicals)

    COMPENSATORY DAMAGE
    (Mental anguish, pain and suffering )

    PUNITIVE DAMAGES
    (Willful and wanton conduct of the defendants)

**TOTAL DAMAGES CLAIMED    IN EXCESS OF $3,000,000.00**