## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

DOYLE DAHL                                                        PLAINTIFF

VS.

OFFICER JEFFREY GUILLOT, individually and in his official          CIVIL ACTION NO.
capacity as a duly commissioned Police Officer for the City of     1:09cv765-LG-RHW
Waveland, MS; POLICE CHIEF James A. Varnell, individually
and in his official capacity as a duly commissioned Police
Officer for the City of Waveland, MS; John Thomas Longo,
Individually and in his official capacity as Mayor of The
City of Waveland, MS; UNKNOWN JOHN AND JANE
DOES A-Z

                                                                  DEFENDANTS

---

### AMENDED COMPLAINT
### THE PLAINTIFF DEMANDS A TRIAL BY JURY

---

COMES NOW, the Plaintiff, DOYLE DAHL, in the above styled and numbered civil

action, by and through his counsel of record, Bobby Moak, who files this Amended Complaint

against the aforementioned Defendants.  In support of the same, the Plaintiff states, avers and

gives notice of the following;

### PRELIMINARY STATEMENT

1. This is a Federal Civil Rights action brought as a result of what the Plaintiff believes was

   a blatant violation of, inter alia, the federal civil, constitutional and human rights of

   DOYLE DAHL, who has made charges of malfeasance, improper use of force, illegal

   detainment, false arrest, assault and battery, and negligent infliction of emotional distress

   against OFFICER GUILLOT and other named defendants.  As a direct and proximate

   consequence of the damages DOYLE DAHL received at the hands of Waveland Police

OFFICER GUILLOT, DOYLE DAHL experienced pain and suffering, mental anguish, trauma and distress, loss of enjoyment of life and other damages as contemplated by all applicable violations of his constitutional and human rights.  It is alleged that DOYLE DAHL's  rights under certain federal statutes, to include 42 U.S.C. Sections 1983, 1985 and 1986, together with the 5th, 8th, and 14th Amendment, rights under the Constitution of the United States of America, and rights guaranteed by the State of Mississippi were violated.

2.  It is on behalf of DOYLE DAHL that he files this action and prays for the relief set forth in the following paragraphs.

## STATEMENT OF FACTS

3.  Prior to March 31, 2008, the citizens of Waveland have been subjected to unnecessary and unreasonable actions as herein described at the hands of The City of Waveland, MS and other named defendants.

4.  On or about March 31, 2008, Plaintiff was stopped by OFFICER JEFFREY GUILLOT (hereinafter Officer GUILLOT) while in his vehicle and travelling within the city limits of Waveland, Mississippi.

5.  Plaintiff was told by OFFICER GUILLOT that he was suspected of driving under the influence of alcohol.

6.  Travelling with Plaintiff was a passenger.  It is believed this passenger, for reasons unknown to Plaintiff, had inflicted upon her body a stun gun, or tasing device, by Officer GUILLOT.

7. At the time of the stop, Plaintiff attempted to inform Officer GUILLOT of a brain injury sustained by him as a reason for not fully complying with instructions given him by the Officer.

8. OFFICER GUILLOT placed the Plaintiff and his passenger under arrest and transported him and his passenger to the Waveland Police Station.

9. While in custody within the confines of the Waveland Police Station, the Plaintiff questioned Officer Gilliot as to why the passenger was 'tased'.

10. Plaintiff contends it was during this time period, after he sought explanation as to his arrest, and the reason for the prior 'tasing' incident that he was verbally assaulted by Officer Guillot and was subjected on his person a stun gun or tasing device multiple times, the last of which resulted in a laceration on his forehead near his eyes.

11. Thereafter, medical personnel were summoned by Police and the Plaintiff was taken by ambulance to a local hospital for medical treatment.

12. During this time of detainment, that estopped the Plaintiff from free movements, he was verbally abused by Officer GUILLOT.

13. At all times relevant, Plaintiff's vehicle passenger witnessed the events.

14. The disposition of all claims made in Waveland City Court filings by the City of Waveland against the Plaintiff were 'passed to file' and no longer prosecuted. The Plaintiff's vehicle passenger's charges were dismissed.

15. The Defendants claimed any video evidence held in their control documenting the stop or the events within the Police Station were destroyed.

## PARTIES

16. Plaintiff DOYLE DAHL is an adult resident of the United States of America and the State of Mississippi wherein at all times material to this Amended Complaint he resided in Bay St. Louis, Mississippi.  The infliction of the named actions on DOYLE DAHL were performed in Hancock County, Mississippi by OFFICER GUILLOT while he was in the employment of and under the supervision of the Police Chief and the City of Waveland.

17. The Defendant, Police Chief James A. Varnell, is believed to be an adult resident of Waveland, Mississippi.  At all times material hereto this Defendant, he was the Police Chief of Waveland located within Hancock County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Waveland, Mississippi including DOYLE DAHL while travelling through the city limits.  This Defendant is sued in his official and individual capacities.  He may be served with lawful process at the Waveland Police Department in Waveland, Mississippi.

18. The Defendant OFFICER JEFFREY GUILLOT is believed to be an adult resident citizen of Waveland, Mississippi.  He is sued in his official and individual capacities.  At all times material hereto he was employed by the Waveland Police Department, the City of Waveland and supervised by Police Chief James A. Varnell.

19. The Defendant, City of Waveland and its Mayor John Thomas Longo, on behalf of all city public departments including the Board of Alderman and Waveland Police Department, is a city located in Hancock County, Mississippi.  At all times material hereto this Defendant was vested with the responsibility and authority to hire, train,

supervise, set public policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Waveland, MS, Mississippi including DOYLE DAHL while travelling through its city limits.  This Defendant may be served with lawful process at the city offices in Waveland, MS, Mississippi at Town of Waveland, City Hall, 407 Highway 90, Waveland, Mississippi 39576.

20. The Defendants, John and Jane Does, identities are not known to the Plaintiff at this time. They include any and all other parties who by their actions or inactions are implicated in this Complaint.  Information material to this incident will be requested by the Plaintiff. Therefore, their true identities and the identities of others are unknown at this time and it is believed they could be adult resident citizens of the City of Waveland and/or Hancock County, Mississippi or domestic or foreign corporations and through the discovery process it is further believed that their true and accurate identities will become known and at that time the Plaintiff will seek leave of this Honorable Court to Amend this his Amended Complaint and to specifically name the unknown persons as Defendants in this action and serve them with process for wrongs committed and violations against the rights, privileges and immunities of DOYLE DAHL, all of which at this time it is alleged were committed by known persons in their official and individual capacities, as employees of the City of Waveland, other State or Municipal entities and/or other individuals acting in concert with such person, persons or state entities named as Defendants herein or who may be discovered to have acted in a manner detrimental to the rights, privileges and immunities of DOYLE DAHL.

21. When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Complaint.

<u>JURISDICTION</u>

22. The Plaintiff herein invokes the federal question jurisdiction of the Honorable Court pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including reasonable attorney's fees, and damages suffered and sustained by the Plaintiff DOYLE DAHL and caused by the Defendants' blatant violation of the rights, privileges and immunities of DOYLE DAHL as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, 1985 (3), 1986 & 1988. Additionally, this Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated.

<u>VENUE</u>

23. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391 (b) because all or part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

<u>COUNT I</u>

ACTION FOR DEPREVATION OF CIVIL RIGHTS

(42 U.S.C. SECTION 1983)

24. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

25. At all times material hereto, the Defendants were vested with State authority and the non-delegable responsibility and the duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under the color of state law, the Defendants commenced to engage in a course of conduct to implement a policy, usage, plan or widespread practice or custom wherein the rights, privileges or immunities of DOYLE DAHL were violated.  Specifically, the Defendants, jointly and severally, were engaged in a course of conduct that resulted in the violation of the Plaintiff's rights of protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and the rights against cruel and unusual punishment as set forth in the Eight Amendment of the Constitution of the United States of America.  The violations complained of in this Complaint include, but are not limited to, the use of excessive force, deprivation of identifiable civil rights i.e. liberty and/or the pursuit of happiness, the unnecessary and wanton infliction of pain and inhuman torture in light of the circumstances confronted by the Plaintiff resulting in a deprivation that was sufficiently serious wherein the Defendants acted maliciously and with wanton and willful reckless disregard for the Plaintiff's safety and well being by using actions designed and intended to cause DOYLE DAHL mental and emotional harm, pain and/or injury all of which caused or contributed to his damages.

26. As a direct and proximate consequence of the Defendants' actions, the Plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, the Plaintiff's Fifth and Fourteenth Amendment rights to procedural and substantive due process and to the equal protection of the laws were violated by the Defendants together with his Eighth Amendment rights proscribing cruel and unusual punishment.

27. At all times material hereto, the Defendants acted pursuant to the policies, regulations, and decisions officially and unofficially adopted or promulgated by those persons whose acts may fairly be said to represent the official policy of or were pursuant to a governmental custom, usage or widespread practice or custom of the Defendant OFFICER GUILLOT.

28. It is further averred that the Defendant Police Chief James A. Varnell, and the City of Waveland, Mississippi were the governmental officials whose edicts or acts may be fairly said to represent official policy, practices, customs or regulations of Waveland, Mississippi, and the Waveland Police Department.  The aforementioned Defendants developed, planned and implemented the policy, custom and/or usage that results in and led to the foreseeable use of police actions by OFFICER GUILLOT which caused permanent damages to the Plaintiff.

29. The Fourth Amendment to the United States Constitution protects individuals from false arrest.  In this instance there was no probable cause to detain, arrest, or subject the Plaintiff to a tasing/stun gun incident as described herein.  The actions of the Defendants were outrageous, improper, illegal and unreasonable.

30. Any detention of the Plaintiff was at all times unlawful placing the Plaintiff in an official vehicle for the purpose of confinement and later being held against his will was all without his consent.

31. As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Plaintiff of certain rights guaranteed by the Constitution of the United States of America, DOYLE DAHL suffered immediate and irreparable suffering to his person resulting in the deprivation of her constitutional rights, privileges and immunities and ultimately causing his to be emotionally distressed for life.  While being battered by OFFICER GUILLOT of the Waveland Police Department, DOYLE DAHL experienced extreme pain, suffering, humiliation, fear for his life, mental distress and severe emotional anguish.

<u>COUNT II</u>

ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(42.S.C. SECTION 1985)

31. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

32. Based on information and belief, DOYLE DAHL was battered by OFFICER GUILLOT. He was violated physically and emotionally in a public setting within the confines of the Waveland Police Station by a Caucasian male officer of the City of Waveland, Mississippi also an employee of said city being specifically OFFICER GUILLOT.

33. It is clear from the facts set forth above that the Defendant, Office GUILLOT, willfully and maliciously conspired to engage in a course of conduct consistent with the edicts, acts, policies, procedures, official decisions and mandates that resulted in a blatant violation of

DOYLE DAHL' constitutional rights.  Thus, the Defendants are jointly and severally liable to the Plaintiff for the emotional damages, pain and suffering he endured.

34. The Defendant Police Chief James A. Varnell failed to train said officer of the proper respect for the constitutional rights of those while in the custody of said OFFICER GUILLOT.  Such action and inaction resulted from the deliberate indifference of the Police Chief with regard to the rights of the citizens of Waveland, Mississippi and in particular DOYLE DAHL.

35. The aforementioned acts of conduct and other acts is indicative of a pattern of violations and the inadequacy of the officers' training, particularly that of OFFICER GUILLOT, was obvious and likely to result in DOYLE DAHL's constitutional rights being violated.  There exists a direct causal link between the permissive and pervasive atmosphere and failure to discipline and train OFFICER GUILLOT which led to the foreseeable proximate cause of the Plaintiff's depravation of rights and damages. Both Police Chief James A. Varnell and in particular OFFICER GUILLOT, knew based on his employment with the Waveland, MS Police Department that deviations from any written or unwritten policy regarding proper use of a taser went ignored, and without punishment. There existed a persistent, widespread practice and custom by the Defendants which allowed OFFICER GUILLOT to act in a manner in violation of the constitutional rights of DOYLE DAHL which is so common and well settled as to constitute a custom that fairly represents the policy of the Waveland Police Department Police Chief James A. Varnell and all other Defendants and all had actual and/or constructive knowledge that such a custom was contributable to the City of Waveland and in particular the Waveland Police Department.  The actual and/or constructive knowledge of such widespread practice or custom is therefore attributable to Waveland Police Department

and/or Waveland Police Chief who condoned and permitted the widespread practice and custom of OFFICER GUILLOT violating person's, such as DOYLE DAHL's constitutional rights. Such practice was consistent and widespread and not nearly a single action in and of itself.

COUNT III

ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY

(42 U.S.C. Section 1986)

36. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

37. The Defendant Police Chief, James A. Varnell knew or reasonably should have known, prior to the actions complained of including taser use on DOYLE DAHL and the implementation of and completion of the conspiracy to deprive him of his federally protected rights, that such activity regularly took place at the hands of OFFICER GUILLOT.

38. Despite the verbal reporting by DOYLE DAHL who suffered at the hands of OFFICER GUILLOT, neither Police Chief James A. Varnell nor anyone else in a position of authority to stop, reprimand and prevent the same from happening again immediately intervened. There was no immediate reprimand, warning, nor suspension to prevent OFFICER GUILLOT from taking the law into his own hands and endangering the rights and lives of Waveland citizens and had appropriate recourse been implemented, DOYLE DAHL would not be suffering today.

39. The Defendants in their individual and official capacities either intentionally or through their deliberate indifference failed to expose, prevent, intervene, stop or otherwise thwart the conspiracy to deprive DOYLE DAHL and other persons similarly situated of the equal

protections of the laws of this Nation and State notwithstanding the fact that they possessed

the authority, duty, power, ability to halt, annul, void, expose, intervene in or stop the illegal

violations before they occurred or while they were occurring.  Consequently, these

Defendants are liable to DOYLE DAHL for the damages he sustained at the hands of

OFFICER GUILLOT who person and actions were the Defendant Police Chief James A.

Varnell's responsibility to control, train, supervise, instruct and discipline and whose lack of

the foregoing led directly to OFFICER GUILLOT's actions.

<u>COUNT IV</u>

FAILURE TO ADEQUATELY TRAIN & SUPERVISE POLICE OFFICERS

40. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in

the foregoing paragraphs.

41. The Defendant Police Chief failed to provide adequate and competent training and/or

supervision to the Defendant OFFICER GUILLOT particularly with regard to the illegal

force of and use of tasers on or before the date in question.  The aforementioned Defendant is

tasked with the non-delegable duty and responsibility to formulate, oversee and implement

official policies, procedures, practices and customs to ensure officers such as OFFICER

GUILLOT were properly trained.

42. As a direct and proximate cause of consequence of the aforementioned Defendant Police

Chief,  individually and in his representative, official capacity failed to properly develop,

implement and otherwise devise a policy of adequate police training and or supervision for

OFFICER GUILLOT and other Officers, DOYLE DAHL was deprived of his Fifth, Eighth

and Fourteenth Amendment constitutional rights, privileges, and immunities which if

properly trained, supervised and disciplined, every Officer within the employ of Police Chief

James A. Varnell would have known it was illegal to use OFFICER GUILLOT's power and authority on the date in question and DOYLE DAHL's damages and the corresponding depravation of his civil rights, privileges and immunities would not have happened.

43. Failure to provide adequate warning, reprimanding, training and supervision of OFFICER GUILLOT was so grossly negligent that it amounted to deliberate and blatant disregard for the rights, privileges and immunities of DOYLE DAHL and any other person or persons similarly situated. Thus, because of the failure to adequately train and supervise the Defendant Officer, the aforementioned Defendants are liable for DOYLE DAHL' damages and the depravation of his civil rights associated therewith.

<u>COUNT V</u>

NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

44. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

45. The Defendants, Police Chief, Waveland Police Station, and the City of Waveland were vested with the authority to hire, fire, transfer and discipline employees of the Waveland Police Department.

46. On information and belief after the March 31, 2008, events, DOYLE DAHL complained and reported the illegal acts of OFFICER GUILLOT to the Waveland Police Department for the incidents of taser usage. The decision by the Defendants, Police Chief James A. Varnell, the Waveland Police Department and the City of Waveland to hire, retain and not discipline OFFICER GUILLOT resulted in the creation of an edict, act or hostile environment that allowed for OFFICER GUILLOT to take the law into his own hands and left excessive

opportunity for the abuse of his power over the citizens of Waveland, Mississippi. OFFICER GUILLOT believed he was above the law and could get away with blatant disregard for human life through the improper use of a taser to subdue citizens. As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take necessary corrective immediate action in the past regarding OFFICER GUILLOT, the aforementioned Defendants are liable for the damages and corresponding depravation of rights sustained by the Defendant.

COUNT VI

PENDANT STATE OR SUPPLEMENTAL CLAIMS

A. BATTERY

47. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

48. After DOYLE DAHL stopped his vehicle, Defendant Officer GUILLOT inflicted offensive contact to his person. The offensive contact was intended to harm DOYLE DAHL and/or unnecessarily inflict explicit acts and contact, suffering and distress upon his body.

49. As a direct and proximate consequence of the assault and battery i.e. the offensive contact, that Defendant Officer GUILLOT inflicted upon the person of DOYLE DAHL he was violated and unable to live a peaceful, un-fearful and a normal lifestyle. At all times material to this Complaint, the Defendant OFFICER GUILLOT acted with wanton and willful reckless disregard for the safety and well being of DOYLE DAHL. Thus the Plaintiff, DOYLE DAHL is entitled to a monetary judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise

14

facilitated through their acts of omission or commission the assault and battery of DOYLE
DAHL.

## B.  ASSAULT

50. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in
the foregoing paragraphs.

51. The events that give rise to this action that occurred on March 31, 2008, created in
DOYLE DAHL a reasonable apprehension that the Defendant Officer GUILLOT and other
unknown individuals acting independently and in concert with one another were going to
cause him to suffer or sustain immediate harmful or offensive contact to his person.  At all
times material to this cause of action, DOYLE DAHL was alive and conscious and fearful of
his life.  Defendant Officer GUILLOT acted with reckless disregard for the safety and well
being of DOYLE DAHL.

52. As a direct and proximate consequence of the conduct of the aforementioned Defendants,
both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for
the assault perpetrated upon DOYLE DAHL.  At all times material to this Complaint, the
Defendant OFFICER GUILLOT acted with wanton and willful reckless disregard for the
safety and well being of DOYLE DAHL.  Thus the Plaintiff, DOYLE DAHL, is entitled to a
money judgment against the Defendants who engaged in or contributed to or otherwise
facilitated through their acts of omission or commission the illegal assault that was inflicted
upon him.

## C.  CIVIL CONSPIRACY

53. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in
the foregoing paragraphs.

54. On the date in question, the Defendants acting in concert with one another entered into an agreement, expressly or by implications, through their participation in or condoning of the assault, battery and other actions complained by DOYLE DAHL, to engage in conduct that was wrongful, intentional, willful and wanton and designed to inflict upon Doyle Dahl certain harm, suffering, pain and misconduct. The Defendants agreement to engage in or allow persons under their supervision and control to engage in such conduct was illegal and amounted to a civil conspiracy against DOYLE DAHL.

55. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the civil conspiracy to engage in conduct they knew or reasonably knew should have known was against the law and public policy of this State when the same manifested itself against the interests of DOYLE DAHL. At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of DOYLE DAHL. Thus the Plaintiff, DOYLE DAHL, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission this civil conspiracy against him.

### D.  THE COMMON LAW TORT OF OUTRAGE

56. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

57. The Defendants overall conduct on the date in question was so outrageous that it shocks the moral and legal conscious of the community. This outrageous conduct resulted in DOYLE DAHL, being permanently and emotionally scarred for the rest of his life. The

manner, method and design of the Defendants conduct amounted to a cold, callous and premeditated abuse of legal authority.

58. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct as the same resulted in the damaging of DOYLE DAHL.  At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of DOYLE DAHL.  The Plaintiff, DOYLE DAHL, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward DOYLE DAHL.

### E.  NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTION DISTRESS

59. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

60. The Defendants conduct was designed not only to inflict illegal acts causing suffering upon DOYLE DAHL, but also emotion and mental anguish and distress on the date in question.  The manner, method and design of the Defendants conduct cause DOYLE DAHL to endure emotional and mental distress and anguish to this present day and in his future.

61. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the negligent and intentional infliction of emotional distress and mental anguish inflicted on DOYLE DAHL and with which he is still living.  At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of DOYLE DAHL.  The Plaintiff, DOYLE DAHL, is entitled to a money

judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated on DOYLE DAHL.

### F.   FALSE ARREST / FALSE IMPRISONMENT

62.   The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

63.   The Defendants detainment and further acts against Plaintiff while in custody and after knowing of Plaintiff's prior personal injuries were without probably cause and false assertions of the Defendants without legal authority or basis causing Plaintiff to be confined and contained against his will and without opportunity to fend against the actions of Officer Guillot to tase him while in this physical condition.  That the initial arrest was false and the action of public handcuffing and detention caused shame, humiliation, embarrassment and conscious pain and suffering.

64.   As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such false arrest as the same resulted in the damaging of DOYLE DAHL.  At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of DOYLE DAHL.  The Plaintiff, DOYLE DAHL, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such false arrest or imprisonment toward DOYLE DAHL.

### G.   MALICIOUS PROSECUTION

18

65. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

66. The Plaintiff herein was charged with several counts against the peace and dignity of the City of Waveland, Mississippi. Thereafter, the City of Waveland, Mississippi did remand to the files and abandon their prosecution in favor of the accused.

67. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such malicious prosecution of the charges made against him as the same resulted in the damaging of DOYLE DAHL. At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of DOYLE DAHL. The Plaintiff, DOYLE DAHL, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such malicious prosecution toward DOYLE DAHL.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

      a.   Present and future medical expenses;

      b.   Permanent emotional injury;

      c.   Pain and suffering;

      d.   Economic damages;

      e.   Out of pocket expenses;

      f.   Loss of enjoyment of life;

      g.   Past, present and future emotional distress and mental anguish;

      h.   Court costs;

19

i.   Pre and post judgment Interest;

j.   Attorney's Fees;

k.   Any and all out of pocket expenses;

l.   All other damages of every kind to the Plaintiff to which he is entitled by law; and

m.   All damages shown by the evidence introduced in this case, including compensatory damages and punitive damages to deter the City of Waveland, Mississippi and its officials from exhibiting, conducting and continuing to use such actions as described herein upon persons within the city limits of said municipality, particularly as to taser usage on citizens.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that at the end of the appropriate legal time, that the following should occur:

I.    The Defendants be served with a copy of this Complaint;

II.   The Defendants be required to file a written answer as called for by the Rules of Civil Procedure;

III.  The Plaintiff be awarded, after a trial by jury, a judgment for actual damages, compensatory and punitive against the Defendants in the amount that the evidence would show and a jury will determine; and

IV.   Any and all other legal and/or equitable relief the evidence would show and a jury will allow.

THIS the 6th day of May, 2010.

RESPECTFULLY SUBMITTED,

DOYLE DAHL

BY: _____/s/Bobby Moak_____
    BOBBY MOAK
    Attorney at Law
    P.O. Box 242
    Bogue Chitto, MS  39626
    Bar # 9915

Prepared By:

Bobby Moak
P.O. Box 242
Bogue Chitto, MS 39629
(601) 734-2566
MS Bar #: 9915

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a true and correct copy of the above and foregoing Amended Complaint to the following, by United States mail:

**Gary E. Friedman**
**William Brett Harvey**
PHELPS DUNBAR
P.O. Box 23066
111 East Capitol Street, Suite 600
Jackson, MS 39225-3066

**Zach Butterworth**
**Gary Yarborough, Jr.**
HESSE & BUTTERWORTH, PLLC
841 Highway 90
Bay St. Louis, MS  39520

This the 6th day of May, 2010.

_____/s/ Bobby Moak_____
BOBBY MOAK

Bobby Moak
P.O. Box 242
Bogue Chitto, MS 39629
(601) 734-2566
MS Bar #: 9915